# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| ROBERT D. KENNEDY ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 02-10029 |
| ) | |
| UNITED STATES ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the Court is Petitioner Robert Kennedy's ("Kennedy") Motion to Count County Jail Time with Federal Sentence, which the Court construes as a motion pursuant to 28 U.S.C. § 2241. For the reasons set forth below, Kennedy's motion [#24] is DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

On January 17, 2002, Kennedy was arrested and charged with a variety of offenses, including drug charges, operating an uninsured motor vehicle, and driving on a suspended license.

Kennedy was subsequently indicted on February 21, 2002, for three counts of distributing cocaine base (crack). He entered a blind guilty plea to all three counts. On August 30, 2002, Kennedy was sentenced in this Court to 92 months imprisonment on Count 1, 120 months imprisonment on Counts 2 and 3, all to run concurrently. Judgment was entered on September 6, 2002.

On July 31, 2003, the Government filed a Rule 35 motion resulting in Kennedy's sentence being reduced to 92 months imprisonment on each count, to run concurrently. The amended judgment was entered on August 1, 2003.

On May 18, 2006, Kennedy filed the instant Motion to Count County Jail Time with Federal Sentence asking this Court to credit him with 280 days of credit for time he spent in custody from January 17, 2002 to September 4, 2002.

The Government responded to Kennedy's motion and this Order follows.

## DISCUSSION

In the instant case, Kennedy has titled his motion as a Motion to Count County Jail Time with Federal Sentence. However, a review of the motion indicates that Kennedy is actually challenging the duration of his conviction because he claims that he is entitled to 280 days of credit for the time he spent in county jail. Accordingly, this Court construes the instant motion as a motion pursuant to 28 U.S.C. 2241.

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of her confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); *Waletzki v. Keohane*, 13 F.3d. 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). "Such relief is obtainable, however, only after a prisoner exhausts administrative remedies." *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992). Here, Kennedy argues that he is entitled to 280 days of credit for the time that he spent in custody prior to sentencing.

The Bureau of Prisons ("BOP") has established a system of administrative remedies through which federal inmates are given the opportunity to resolve grievances. 28 C.F.R. §

542.10 *et seq*. Such procedures include a request for informal resolution, formal request for remedy, appeal to the BOP Regional Director, and appeal to the BOP Central Office. 28 C.F.R. §§ 542.13, 542.14, and 542.15. A review of Kennedy's Petition and the BOP's administrative remedy records indicates that Kennedy has not pursued any of the administrative remedies available to him, and he has given no justification for this failure. Therefore, the Court finds that Kennedy has failed to exhaust his administrative remedies as required under *Carnine*, and his motion must be dismissed. Kennedy's proper recourse at this stage is to exhaust the available administrative remedies before filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Furthermore, although the Court found that the interests of judicial economy were best served by addressing this motion as filed, the Court advises Kennedy that any future motions such as this must be filed as a separate civil case and not as part of the original criminal case.

## CONCLUSION

For the reasons set forth herein, Kennedy's Motion to Count County Jail Time with Federal Sentence [#24], which this Court construes as a § 2241 motion is DISMISSED WITHOUT PREJUDICE. Additionally, Kennedy's Motion to Count County Jail Time with Federal Sentence [#26] is moot because it is duplicative of motion [#24].

ENTERED this 12th day of July, 2006.

                                                    s/Michael M. Mihm  
                                                    Michael M. Mihm  
                                                    United States District Judge